UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

SEYBOU BAKAYOKO, MONICA JENKINS,
JANASHA JENKINS and KRISTY CRUZ,

                              Plaintiffs,

           - against -

THE CITY OF NEW YORK, NICHOLAS ISOLANO,
THOMAS TRAYNOR, MICHAEL LICITRA, STEVE
NUSSER, SEAN CARROLL, RAYMUNDO FERMIN,
and "JOHN DOE" # 1 - 10, All in Their Individual
Capacities and in Their Official Capacities,

                           Defendants

-------------------------------------------------------------------------x

16CV2964 (GHW)

AMENDED COMPLAINT AND
 DEMAND FOR JURY TRIAL 

ECF CASE

Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the defendants, allege:

## NATURE OF THE ACTION

1.  This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Seybou Bakayoko, Monica Jenkins, Janasha Jenkins and Kristy Cruz by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2.  Seybou Bakayoko, Monica Jenkins, Janasha Jenkins and Kristy Cruz were present in their residence in Apartment 3E at 60 Pitt Street, New York, New York 10453 on January 24, 2015, when numerous police officers, including, upon information and belief, defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, and Raymundo Fermin entered the apartment in pursuit of an individual who was not a resident of the apartment and, after ascertaining that the person was not present in the apartment, searched the apartment, arrested the plaintiffs,

detained the plaintiffs in the hallway outside their apartment for approximately 45 minutes, then removed the plaintiffs to the 7th Precinct, where the plaintiffs were imprisoned for approximately eight hours, then refused to permit the plaintiffs to return to their home while defendant Nicholas Isolano applied for a search warrant, upon information and belief falsely representing that there was cause to believe that items used in the commission of a crime and/or belonging to a perpetrator were present in the apartment, and then searched the apartment a second time while the plaintiffs were prohibited from returning to their residence.  Each of the plaintiffs was released without being charged with any crime.  The arrests, imprisonment of the plaintiffs,  searches of their residence, and exclusion from that residence were the result of policies and practices adopted by defendant The City of New York (1) of arresting persons without probable cause to believe that they had committed a crime and (2) of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent violations of the civil rights of members of the public.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Nicholas Isolano can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation

located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.  Plaintiff Seybou Bakayoko is a resident of the United States who resides in the County City and State of New York.

6.  Plaintiff Monica Jenkins is a citizen of the United States who currently resides in the County, City and State of New York.

7.  Plaintiff Janasha Jenkins is a citizen of the United States who currently resides in the County, City and State of New York.

8.  Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

9.  At all times relevant herein, defendant The City of New York maintained a police department.

10.  Defendant Nicholas Isolano is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

11.  At all times relevant herein, defendant Nicholas Isolano was acting within the scope of his employment by defendant The City of New York.

12.  Defendant Thomas Traynor is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13.  At all times relevant herein, defendant Thomas Traynor was acting within the scope of his employment by defendant The City of New York.

14.  Defendant Michael Licitra is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15.  At all times relevant herein, defendant Michael Licitra was acting within the scope of his employment by defendant The City of New York.

16.  Defendant Steve Nusser a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

17.  At all times relevant herein, defendant Steve Nusser was acting within the scope of his employment by defendant The City of New York.

18.  Defendant Sean Carroll is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

19.  At all times relevant herein, defendant Sean Carroll was acting within the scope of his employment by defendant The City of New York.

20.  Defendant Raymundo Fermin is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

21.  At all times relevant herein, defendant Raymundo Fermin was acting within the scope of his employment by defendant The City of New York.

22.  Defendants "John Doe" #1 - 10 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

23.  At all times relevant herein, defendants "John Doe" #1 - 10 were acting within the scope of their employment by defendant The City of New York.

## NOTICES OF CLAIM

24.  On April 23, 2015, and within ninety days of the accrual of his causes of action herein, plaintiff Seybou Bakayoko served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

25.  On April 23, 2015, and within ninety days of the accrual of her causes of action herein, plaintiff Monica Jenkins served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which her claims arose.

26.  On April 23, 2015, and within ninety days of the accrual of her causes of action herein, plaintiff Janasha Jenkins served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

27.  On April 23, 2015, and within ninety days of the accrual of her causes of action herein, plaintiff Kristy Cruz served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

28.  More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

29.  Plaintiffs incorporate by reference paragraphs 1 through 28 of this complaint as though the same were set forth fully herein.

30.  On January 24, 2015, plaintiffs Seybou Bakayoko, Monica Jenkins, Janasha Jenkins and Kristy Cruz were residents of Apartment 3E in the premises located at 60 Pitt Street, New York, New York 10002.

31.  On the morning of January 24, 2015, an individual armed with a firearm entered the plaintiffs' apartment without the permission of any of the plaintiffs.

32.  Following the entry of an armed intruder into the plaintiffs' apartment, plaintiff Monica Jenkins called 911.

33.  Within minutes of plaintiff Monica Jenkins' call to 911, numerous police officers arrived at and entered the plaintiffs' apartment.

34.  Upon information and belief, defendant Nicholas Isolano was one of the police officers who responded to and entered the plaintiffs' apartment.

35.  Upon information and belief, defendant Thomas Traynor was one of the police officers who responded to and entered the plaintiffs' apartment.

36.  Upon information and belief, defendant Michael Licitra was one of the police officers who responded to and entered the plaintiffs' apartment.

37.  Upon information and belief, defendant Steve Nusser was one of the police officers who responded to and entered the plaintiffs' apartment.

38.  Upon information and belief, defendant Sean Carroll was one of the police officers who responded to and entered the plaintiffs' apartment.

39.  Upon information and belief, defendant Raymundo Fermin was one of the police officers who responded to and entered the plaintiffs' apartment.

40.  Upon the arrival of police officers, the armed intruder forcibly entered the bedroom of plaintiff Kristy Cruz.

41.  Plaintiff Kristy Cruz was caring for a 10-month-old child and a seven-month-old child.

42.  Plaintiff Monica Jenkins pointed the police officers who entered the plaintiffs' apartment to the plaintiff Kristy Cruz' bedroom.

43.  The police officers thereupon forcibly entered plaintiff Kristy Cruz' bedroom.

44.  As the police officers attempted to enter plaintiff Kristy Cruz' bedroom, the armed intruder exited the room, and the apartment, through a window.

45.  Several of the defendant police officers searched plaintiff Kristy Cruz' bedroom.

46.  Several of the defendant police officers thereupon forcibly entered plaintiff Seybou Bakayoko's bedroom.

47.  One of the defendant police officers handcuffed plaintiff Seybou Bakayoko.

48.  Several of the defendant police officers searched plaintiff Seybou Bakayoko's bedroom.

49.  After detaining plaintiffs Seybou Bakayoko, Monica Jenkins, Janasha Jenkins and Kristy Cruz in their apartment, several of the defendant police officers removed the plaintiffs from their apartment and detained them in the hallway outside their apartment for an extended period of time while the defendant police officers conducted a search of the apartment.

50.  While being detained in the hallway, plaintiff Monica Jenkins fainted and sustained an injury to the back of her head.

51.  When plaintiff Monica Jenkins regained consciousness, the defendant police officers would not permit her to reenter her apartment.

52.  Although the intruder had departed and the defendant police officers determined that he was not present in the plaintiffs' apartment, the defendant police officers conducted a search of the apartment for more than two hours.

53.  The defendant police officers did not have a warrant or other legal process authorizing a search of the plaintiffs' apartment.

54.  The defendant police officers subsequently moved plaintiffs Seybou Bakayoko, Janasha Jenkins and Kristy Cruz to a van, where they continued to be detained while police officers searched their apartment.

55. The defendant police officers subsequently transported plaintiffs Seybou Bakayoko, Janasha Jenkins and Kristy Cruz to the 7th Precinct.

56. The defendant police officers instructed plaintiff Monica Jenkins that she was required to go to the 7th Precinct.

57. Unable to reenter her residence, plaintiff Monica Jenkins was required to walk to the 7th Precinct in a nightgown and a jacket.

58. At the 7th Precinct, the defendant police officers required plaintiff Seybou Bakayoko to stand, handcuffed, for approximately three hours before providing a bench for him to sit on, still handcuffed.

59. At the 7th Precinct, the defendant police officers required plaintiffs Janasha Jenkins and Kristy Cruz to stand for several hours.

60. At the 7th Precinct, plaintiff Monica Jenkins was denied permission to return to her apartment to secure medication for a serious medical condition.

61. At the 7th Precinct, one of the defendant police officers refused to permit plaintiff Kristy Cruz to obtain milk or diapers for the two infants for whom she was caring.

62. After being imprisoned at the 7th Precinct for approximately six hours, plaintiffs Seybou Babayoko, Monica Jenkins, Janasha Jenkins and Kristy Cruz were released without being charged with any crime.

63. When the plaintiffs attempted to return to their apartment after being released from the 7th Precinct, the defendant police officers prohibited them from entering the apartment.

64. The defendant police officers also prevented plaintiffs Seybou Bakayoko and Monica Jenkins from retrieving prescription medications from their apartment.

65. Upon information and belief, after police officers had spent several hours searching the plaintiffs' apartment, defendant Nicholas Isolano applied for and obtained a search warrant authorizing a search of apartment 3E at 60 Pitt Street, New York, New York.

66. Upon information and belief, defendant Nicholas Isolano made false representations to a judge of the Criminal Court of the City of New York, County of New York, in support of the application for a search warrant authorizing a search of apartment 3E at 60 Pitt Street, New York, New York.

67. At the time the application for a search warrant for 3E at 60 Pitt Street, New York, New York was submitted to a judge of the Criminal Court of the City of New York, County of New York, the defendant police officers had fully searched the plaintiffs' apartment and had found neither contraband, evidence of the commission of a crime, nor the instrumentality or proceeds of a crime.

68. A search warrant authorizing the search of apartment 3E at 60 Pitt Street, New York, New York, was issued by a judge of the Criminal Court of the City of New York, County of New York, based on the information provided by defendant Nicholas Isolano.

69. Upon information and belief, absent the false representations made by defendant Nicholas Isolano to the judge of the Criminal Court of the City of New York, County of New York, the probable cause for the issuance of a search warrant for the plaintiffs' apartment did not exist.

70. Upon information and belief, defendant Nicholas Isolano and other New York City police officers conducted a second search of the plaintiffs' apartment based on the search warrant obtained by defendant Nicholas Isolano.

71. The defendant police officers denied plaintiffs Seybou Bakayoko, Monica Jenkins, Janasha Jenkins and Kristy Cruz access to their residence during the period of time in which

defendant Nicholas Isolano applied for and obtained a search warrant and conducted a second search of the plaintiff's apartment.

72.   At approximately 10:00 p.m. on January 24, 2015, after waiting in the hallway outside her apartment for approximately four hours, plaintiff Janasha Jenkins left the building to find lodging elsewhere.

73.   At approximately 12:00 a.m. on January 25, 2015, after waiting in the hallway outside her apartment for approximately six hours, plaintiff Kristy Cruz left the building to find lodging elsewhere.

74.   At approximately 1:00 a.m. on January 25, 2015, after waiting in the hallway outside his apartment for approximately seven hours, plaintiff Seybou Bakayoko left the building to find lodging elsewhere.

75.   Plaintiffs Monica Jenkins continued to be prohibited from reentering their apartment until approximately 2:30 a.m. on January 25, 2015.

76.   Upon information and belief, defendant Nicholas Isolano and the other defendant police officers who conducted the two searches of the plaintiffs' apartment did not find any contraband, evidence of the commission of a crime, or the instrumentality or proceeds of a crime in the plaintiffs' apartment.

### COUNT ONE ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

77.   Plaintiffs incorporate by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78.   The seizure, detention, arrest, and imprisonment of plaintiff Seybou Bakayoko by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll,

Raymundo Fermin  and "John Doe" #1 - 10 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

79.  Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to arrest plaintiff Seybou Bakayoko.

80.  The seizure, detention, arrest, and imprisonment of plaintiff Seybou Bakayoko were made without probable cause to believe that he had committed a crime or offense.

81.  The charges upon which defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, and "John Doe" #1 - 10 arrested plaintiff Seybou Bakayoko were false.

82.  The charges were made by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 against plaintiff Seybou Bakayoko with knowledge that they were false.

83.   Plaintiff Seybou Bakayoko was aware of his seizure, detention, arrest and imprisonment by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10.

84.  Plaintiff Seybou Bakayoko did not consent to his seizure, detention, arrest or imprisonment.

85.  As a result of the foregoing, plaintiff Seybou Bakayoko was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

86.  The seizure, detention, arrest and imprisonment of plaintiff Seybou Bakayoko deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth  Amendment of the Constitution of the United States.

87. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Seybou Bakayoko.

88. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Seybou Bakayoko of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Seybou Bakayoko.

**COUNT TWO ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO**
**UNREASONABLE SEARCH UNDER 42 U.S.C. §1983**

89. Plaintiffs incorporate by reference paragraphs 1 through 88 of this Complaint as though the same were set forth fully herein.

90. Upon determining that the intruder sought by the police was no longer present in plaintiff Seybou Bakayoko's residence, exigent circumstances for the presence of the defendant police officers in the plaintiff's residence no longer existed.

91. At the time that they entered plaintiff Seybou Bakayoko's residence and at the time they determined that the intruder sought by the police was no longer present in the plaintiff's residence, defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 lacked a search warrant or other legal process authorizing a search of the plaintiff's residence.

92. Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to search plaintiff Seybou Bakayoko's residence despite the fact that they lacked a search warrant authorizing such a search.

93. The search of plaintiff Seybou Bakayoko's residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 after they determined that the intruder was no longer present in the apartment deprived plaintiff Seybou Bakayoko of his right to be secure against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

94. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they searched plaintiff Seybou Bakayoko's residence after determining that the intruder was no longer present in the apartment.

95. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Seybou Bakayoko of his right to be secure in his home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching the plaintiff's residence after determining that the exigent circumstances which justified their entry into the apartment no longer existed.

## COUNT THREE ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO
## UNREASONABLE SEIZURE OF THE PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983

96. Plaintiffs incorporate by reference paragraphs 1 through 95 of this Complaint as though the same were set forth fully herein.

97. Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to deny plaintiff Seybou Bakayoko access to his residence.

98.  The denial of access to the plaintiff's residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 for a period in excess of twelve hours constituted a seizure of the plaintiff's residence.

99.  The seizure of plaintiff Seybou Bakayoko's residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived the plaintiff of his right to be secure in his home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

100.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they seized plaintiff Seybou Bakayoko's home.

101.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Seybou Bakayoko of his right to be secure in his home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Seybou Bakayoko's home.

## COUNT FOUR ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO
## UNREASONABLE SEARCH OF THE PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983

102.  Plaintiffs incorporate by reference paragraphs 1 through 101 of this Complaint as though the same were set forth fully herein.

103.  The conduct of defendant Nicholas Isolano in obtaining and executing a search warrant for plaintiff Seybou Bakayoko's residence on the basis of false representations to a judge of the Criminal Court of the City of New York, County of New York, deprived the plaintiff of his

right to be secure in his home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

104. Defendant Nicholas Isolano was acting under color of state law when he applied for and obtained a search warrant for plaintiff Seybou Bakayoko's residence upon the basis of false representations to a judge of the Criminal Court of the City of New York, County of New York.

105. Defendant Nicholas Isolano was acting under color of state law when he conducted a search of plaintiff Seybou Bakayoko's residence upon the basis of a search warrant secured by his misrepresentations to the court which issued the search warrant.

106. Defendant Nicholas Isolano deprived plaintiff Seybou Bakayoko of his right to be secure in his home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by applying for and searching the plaintiff's residence pursuant to a search warrant secured by his misrepresentations to the court which issued the search warrant.

## COUNT FIVE ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. §1983

107. Plaintiffs incorporate by reference paragraphs 1 through 106 this Complaint as though the same were set forth fully herein.

108. The acts complained of were carried out by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe # 1 - 10 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

109.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

110.   The aforesaid customs, policies, usages, practices, procedures and rules of defendant The City of New York include, but are not limited to, the following:

(a)   Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b)   Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c)   Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d)   Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e)   Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

111.   The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

112.   The arrest and imprisonment of plaintiff Seybou Bakayoko on January 24, 2015 resulted from the failure of defendant The City of New York properly to train, supervise, monitor

and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

113.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

114.  Defendant The City of New York deprived plaintiff Seybou Bakayoko of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT SIX ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

115.  Plaintiffs incorporate by reference paragraphs 1 through 114 of this Complaint as though the same were set forth fully herein.

116.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

117.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

118.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

119.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Seybou Bakayoko would be violated.

120.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Seybou Bakayoko.

121.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

122.   Defendant The City of New York deprived plaintiff Seybou Bakayoko of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVEN ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO
## COMMON LAW ASSAULT AND BATTERY

123.   Plaintiffs incorporate by reference paragraphs 1 through 122 of this Complaint as

though the same were set forth fully herein.

124. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin , "John Doe" # 1 - 10 and the City of New York committed an assault and battery on the person of plaintiff Seybou Bakayoko by handcuffing his wrists.

125. As a result of the foregoing, plaintiff Seybou Bakayoko was injured.

126. As a result of the foregoing, plaintiff Seybou Bakayoko experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHT ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO
## COMMON LAW FALSE IMPRISONMENT

127. Plaintiffs incorporate by reference paragraphs 1 through 126 of this Complaint as though the same were set forth fully herein.

128. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, "John Doe" # 1 - 10 and The City of New York falsely imprisoned plaintiff Seybou Bakayoko by seizing, detaining, arresting and imprisoning him.

129. As a result of the foregoing, plaintiff Seybou Bakayoko was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT NINE ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO
## COMMON LAW TRESPASS

130. Plaintiffs incorporate by reference paragraphs 1 through 126 of this Complaint as though the same were set forth fully herein.

131. The continued presence of defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, and "John Doe" #1 - 10 in plaintiff Seybou Bakayoko's residence after determining that the intruder was no longer present  was without the permission of plaintiff Seybou Bakayoko or any other resident of the premises.

132. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, "John Doe" #1 - 10 and the City of New York committed a trespass when they remained in the residence of plaintiff Seybou Bakayoko after determining that the intruder was no longer present.

### COUNT TEN ON BEHALF OF PLAINTIFF SEYBOU BAKAYOKO
### COMMON LAW TRESPASS

133. Plaintiffs incorporate by reference paragraphs 1 through 132 of this Complaint as though the same were set forth fully herein.

134. Defendant Nicholas Isolano and other New York City police officers committed a trespass by entering plaintiff Seybou Bakayoko's residence to execute an invalidly obtained search warrant without the permission of plaintiff Seybou Bakayoko or any other resident of the premises.

135. As a result of the foregoing, plaintiff Seybou Bakayoko was deprived of access to his residence.

### COUNT ELEVEN ON BEHALF OF PLAINTIFF MONICA JENKINS
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

136. Plaintiffs incorporate by reference paragraphs 1 through 135 of this Complaint as though the same were set forth fully herein.

137. The seizure, detention, arrest, and imprisonment of plaintiff Monica Jenkins by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 were made without any warrant or other legal process directing or authorizing her seizure, detention, arrest, or imprisonment.

138. Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to arrest plaintiff Monica Jenkins.

139.  The seizure, detention, arrest, and imprisonment of plaintiff Monica Jenkins were made without probable cause to believe that she had committed a crime or offense.

140.  The charges upon which defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 arrested plaintiff Monica Jenkins were false.

141.  The charges were made by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 against plaintiff Monica Jenkins with knowledge that they were false.

142.  Plaintiff Monica Jenkins was aware of her seizure, detention, arrest and imprisonment by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10.

143.  Plaintiff Monica Jenkins did not consent to her seizure, detention, arrest or imprisonment.

144.  As a result of the foregoing, plaintiff Monica Jenkins was deprived of her liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

145.  The seizure, detention, arrest and imprisonment of plaintiff Monica Jenkins deprived her of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

146.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Monica Jenkins.

147. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Monica Jenkins of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Monica Jenkins.

**COUNT TWELVE ON BEHALF OF PLAINTIFF MONICA JENKINS
UNREASONABLE SEARCH UNDER 42 U.S.C. §1983**

148. Plaintiffs incorporate by reference paragraphs 1 through 147 of this Complaint as though the same were set forth fully herein.

149. Upon determining that the intruder sought by the police was no longer present in plaintiff Monica Jenkins' residence, exigent circumstances for the presence of the defendant police officers in the plaintiff's residence no longer existed.

150. At the time that they entered plaintiff Monica Jenkins' residence and at the time they determined that the intruder sought by the police was no longer present in the plaintiff's residence, defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 lacked a search warrant or other legal process authorizing a search of the plaintiff's residence.

151. Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to search plaintiff Monica Jenkins' residence despite the fact that they lacked a warrant authorizing such a search.

152. The search of plaintiff Monica Jenkins' residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 after they determined that the intruder was no longer present in the apartment deprived

plaintiff Monica Jenkins of her right to be secure against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

153. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they searched plaintiff Monica Jenkins' residence after determining that the intruder was no longer present in the apartment.

154. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Monica Jenkins of her right to be secure against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching the plaintiff's residence after determining that the exigent circumstances which justified their entry into the apartment no longer existed.

**COUNT THIRTEEN ON BEHALF OF PLAINTIFF MONICA JENKINS**
**UNREASONABLE SEIZURE OF THE PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983**

155. Plaintiffs incorporate by reference paragraphs 1 through 154 of this Complaint as though the same were set forth fully herein.

156. Upon information and belief, defendant Thomas Traynor, defendant Michel Licitra and/or defendant Steve Nusser directed other police officers to deny plaintiff Monica Jenkins access to her residence.

157. The denial of access to the plaintiff's residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 for a period in excess of twelve hours constituted a seizure of the plaintiff's residence.

158.  The seizure of plaintiff Monica Jenkins' residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived the plaintiff of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

159.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 were acting under color of state law when they seized plaintiff Monica Jenkins' home.

160.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Monica Jenkins of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Monica Jenkins' home.

**COUNT FOURTEEN ON BEHALF OF PLAINTIFF MONICA JENKINS**
**UNREASONABLE SEARCH OF THE PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983**

161.  Plaintiffs incorporate by reference paragraphs 1 through 160 of this Complaint as though the same were set forth fully herein.

162.  The conduct of defendant Nicholas Isolano in obtaining and executing a search warrant for plaintiff Monica Jenkins' residence on the basis of false representations to a judge of the Criminal Court of the City of New York, County of New York, deprived the plaintiff of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

163.  Defendant Nicholas Isolano was acting under color of state law when he applied for and obtained a search warrant for plaintiff Monica Jenkins' residence upon the basis of false representations to a judge of the Criminal Court of the City of New York, County of New York.

164.  Defendant Nicholas Isolano was acting under color of state law when he conducted a search of plaintiff Monica Jenkins' residence upon the basis of a search warrant secured by his misrepresentations to the court which issued the search warrant.

165.  Defendant Nicholas Isolano deprived plaintiff Monica Jenkins of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by applying for and searching the plaintiff's residence pursuant to a search warrant secured by his misrepresentations to the court which issued the search warrant.

### COUNT FIFTEEN ON BEHALF OF PLAINTIFF MONICA JENKINS MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. §1983

166.  Plaintiffs incorporate by reference paragraphs 1 through 165 of this Complaint as though the same were set forth fully herein.

167.  The arrest and imprisonment of plaintiff Monica Jenkins on January 24, 2015 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

168.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

169.   Defendant The City of New York deprived plaintiff Monica Jenkins of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

### COUNT SIXTEEN ON BEHALF OF PLAINTIFF MONICA JENKINS
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

170.   Plaintiffs incorporate by reference paragraphs 1 through 169 of this Complaint as though the same were set forth fully herein.

171.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

172.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Monica Jenkins would be violated.

173.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Monica Jenkins.

174.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

175.  Defendant The City of New York deprived plaintiff Monica Jenkins of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVENTEEN ON BEHALF OF PLAINTIFF MONICA JENKINS
## COMMON LAW FALSE IMPRISONMENT

176.  Plaintiffs incorporate by reference paragraphs 1 through 175 of this Complaint as though the same were set forth fully herein.

177.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, "John Doe" # 1 - 10 and The City of New York falsely imprisoned plaintiff Monica Jenkins by seizing, detaining, arresting and imprisoning her.

178.  As a result of the foregoing, plaintiff Monica Jenkins was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT EIGHTEEN ON BEHALF OF PLAINTIFF MONICA JENKINS
## COMMON LAW TRESPASS

179.  Plaintiffs incorporates by reference paragraphs 1 through 178 of this Complaint as though the same were set forth fully herein.

180.  The continued presence of defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin  and "John Doe" #1 - 10 in plaintiff Monica Jenkins' residence after determining that the intruder was no longer present  was without the permission of plaintiff Monica Jenkins or any other resident of the premises.

181. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 committed a trespass when they remained in the residence of plaintiff Monica Jenkins after determining that the intruder was no longer present.

## COUNT NINETEEN ON BEHALF OF PLAINTIFF MONICA JENKINS
## COMMON LAW TRESPASS

182. Plaintiffs incorporate by reference paragraphs 1 through 181 of this Complaint as though the same were set forth fully herein.

183. Defendant Nicholas Isolano and other New York City police officers committed a trespass by entering plaintiff Monica Jenkins' residence to execute an invalidly obtained search warrant without the permission of plaintiff Seybou Bakayoko or any other resident of the premises.

184. As a result of the foregoing, plaintiff Monica Jenkins was deprived of access to her residence.

## COUNT TWENTY ON BEHALF OF PLAINTIFF JANASHA JENKINS
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

185. Plaintiffs incorporate by reference paragraphs 1 through 184 of this Complaint as though the same were set forth fully herein.

186. The seizure, detention, arrest, and imprisonment of plaintiff Janasha Jenkins by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 were made without any warrant or other legal process directing or authorizing her seizure, detention, arrest, or imprisonment.

187. Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to arrest plaintiff Janasha Jenkins.

188. The seizure, detention, arrest, and imprisonment of plaintiff Janasha Jenkins were made without probable cause to believe that she had committed a crime or offense.

189.  The charges upon which defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 arrested plaintiff Janasha Jenkins were false.

190.  The charges were made by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 against plaintiff Janasha Jenkins with knowledge that they were false.

191.  Plaintiff Janasha Jenkins was aware of her seizure, detention, arrest and imprisonment by defendants Nicholas Isolano and "John Doe" #1 - 10.

192.  Plaintiff Janasha Jenkins did not consent to her seizure, detention, arrest or imprisonment.

193.  As a result of the foregoing, plaintiff Janasha Jenkins was deprived of her liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

194.  The seizure, detention, arrest and imprisonment of plaintiff Janasha Jenkins deprived her of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth  Amendment of the Constitution of the United States.

195.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Janasha Jenkins.

196.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Janasha Jenkins of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth

Amendment of the Constitution of the United States under color of state law, in violation of 42

U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Janasha Jenkins.

### COUNT TWENTY-ONE ON BEHALF OF PLAINTIFF JANASHA JENKINS UNREASONABLE SEARCH UNDER 42 U.S.C. §1983

197.   Plaintiffs incorporate by reference paragraphs 1 through 196 of this Complaint as though the same were set forth fully herein.

198.   Upon determining that the intruder sought by the police was no longer present in plaintiff Janasha Jenkins' residence, exigent circumstances for the presence of the defendant police officers in the plaintiff's residence no longer existed.

199.   At the time that they entered plaintiff Janasha Jenkins' residence and at the time they determined that the intruder sought by the police was no longer present in the plaintiff's residence, defendants Nicholas Isolano and "John Doe" #1 - 10 lacked a search warrant or other legal process authorizing a search of the plaintiff's residence.

200.   Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to search plaintiff Janasha Jenkins' residence despite the fact that they lacked a search warrant authorizing such a search.

201.   The search of plaintiff Janasha Jenkins' residence by defendants Nicholas Isolano and "John Doe" #1 - 10 after they determined that the intruder was no longer present in the apartment deprived plaintiff Janasha Jenkins of her right to be secure against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

202.   Defendants Nicholas Isolano and "John Doe" # 1 - 10 were acting under color of state law when they searched plaintiff Janasha Jenkins' residence after determining that the intruder was no longer present in the apartment.

203. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Janasha Jenkins of her right to be secure against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching the plaintiff's residence after determining that the exigent circumstances which justified their entry into the apartment no longer existed.

**COUNT TWENTY-TWO ON BEHALF OF PLAINTIFF JANASHA JENKINS**
**UNREASONABLE SEIZURE OF THE PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983**

204. Plaintiffs incorporate by reference paragraphs 1 through 203 of this Complaint as though the same were set forth fully herein.

205. Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to deny plaintiff Janasha Jenkins access to her residence.

206. The denial of access to the plaintiff's residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 for a period in excess of twelve hours constituted a seizure of the plaintiff's residence.

207. The seizure of plaintiff Janasha Jenkins' residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived the plaintiff of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

208. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they seized plaintiff Janasha Jenkins' home.

209.  Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Janasha Jenkins of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Janasha Jenkins' home.

## COUNT TWENTY-THREE ON BEHALF OF PLAINTIFF JANASHA JENKINS
UNREASONABLE SEARCH OF THE PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983

210.  Plaintiffs incorporate by reference paragraphs 1 through 209 of this Complaint as though the same were set forth fully herein.

211.  The conduct of defendant Nicholas Isolano in obtaining and executing a search warrant for plaintiff Janasha Jenkins' residence on the basis of false representations to a judge of the Criminal Court of the City of New York, County of New York, deprived the plaintiff of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

212.  Defendant Nicholas Isolano was acting under color of state law when he applied for and obtained a search warrant for plaintiff Janasha Jenkins' residence upon the basis of false representations to a judge of the Criminal Court of the City of New York, County of New York.

213.  Defendant Nicholas Isolano was acting under color of state law when he conducted a search of plaintiff Janasha Jenkins' residence upon the basis of a search warrant secured by his misrepresentations to the court which issued the search warrant.

214.  Defendant Nicholas Isolano deprived plaintiff Janasha Jenkins of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by

applying for and searching the plaintiff's residence pursuant to a search warrant secured by his misrepresentations to the court which issued the search warrant.

## COUNT TWENTY-FOUR ON BEHALF OF PLAINTIFF JANASHA JENKINS
## MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. §1983

215.  Plaintiffs incorporate by reference paragraphs 1 through 214 of this Complaint as though the same were set forth fully herein.

216.  The arrest and imprisonment of plaintiff Janasha Jenkins on January 24, 2015 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

217.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

218.  Defendant The City of New York deprived plaintiff Janasha Jenkins of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT TWENTY-FIVE ON BEHALF OF PLAINTIFF JANASHA JENKINS
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

219.  Plaintiffs incorporate by reference paragraphs 1 through 218 of this Complaint as though the same were set forth fully herein.

220.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights

constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

221.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Janasha Jenkins would be violated.

222.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Janasha Jenkins.

223.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

224.   Defendant The City of New York deprived plaintiff Janasha Jenkins of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT TWENTY-SIX ON BEHALF OF PLAINTIFF JANASHA JENKINS COMMON LAW FALSE IMPRISONMENT

225.   Plaintiffs incorporate by reference paragraphs 1 through 224 of this Complaint as though the same were set forth fully herein.

226. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, "John Doe" # 1 - 10 and The City of New York falsely imprisoned

plaintiff Janasha Jenkins by seizing, detaining, arresting and imprisoning her.

227. As a result of the foregoing, plaintiff Janasha Jenkins was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TWENTY-SEVEN ON BEHALF OF PLAINTIFF JANASHA JENKINS
## COMMON LAW TRESPASS

228. Plaintiffs incorporates by reference paragraphs 1 through 228 of this Complaint as though the same were set forth fully herein.

229. The continued presence of defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 in plaintiff Janasha Jenkins' residence after determining that the intruder was no longer present  was without the permission of plaintiff Janasha Jenkins or any other resident of the premises.

230. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, "John Doe" #1 - 10 and the City of New York committed a trespass when they remained in the residence of plaintiff Janasha Jenkins after determining that the intruder was no longer present.

## COUNT TWENTY-EIGHT ON BEHALF OF PLAINTIFF JANASHA JENKINS
## COMMON LAW TRESPASS

231. Plaintiffs incorporate by reference paragraphs 1 through 230 of this Complaint as though the same were set forth fully herein.

232. Defendant Nicholas Isolano and other New York City police officers committed a trespass by entering plaintiff Janasha Jenkins' residence to execute an invalidly obtained search warrant without the permission of plaintiff Janasha Jenkins or any other resident of the premises.

233. As a result of the foregoing, plaintiff Janasha Jenkins was deprived of access to her residence.

## COUNT TWENTY-NINE ON BEHALF OF PLAINTIFF KRISTY CRUZ
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

234.  Plaintiffs incorporate by reference paragraphs 1 through 233 of this Complaint as though the same were set forth fully herein.

235.  The seizure, detention, arrest, and imprisonment of plaintiff Kristy Cruz by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 were made without any warrant or other legal process directing or authorizing her seizure, detention, arrest, or imprisonment.

236.  Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to arrest plaintiff Kristy Cruz.

237.  The seizure, detention, arrest, and imprisonment of plaintiff Kristy Cruz were made without probable cause to believe that she had committed a crime or offense.

238.  The charges upon which defendants Nicholas Isolano and "John Doe" #1 - 10 arrested plaintiff Kristy Cruz were false.

239.  The charges were made by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 against plaintiff Kristy Cruz with knowledge that they were false.

240.  Plaintiff Kristy Cruz was aware of her seizure, detention, arrest and imprisonment by defendants Nicholas Isolano and "John Doe" #1 - 10.

241.  Plaintiff Kristy Cruz did not consent to her seizure, detention, arrest or imprisonment.

242.  As a result of the foregoing, plaintiff Kristy Cruz was deprived of her liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected

to embarrassment and humiliation.

243. The seizure, detention, arrest and imprisonment of plaintiff Kristy Cruz deprived her of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

244. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Kristy Cruz.

245. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Kristy Cruz of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Kristy Cruz.

## COUNT THIRTY ON BEHALF OF PLAINTIFF KRISTY CRUZ
## UNREASONABLE SEARCH UNDER 42 U.S.C. §1983

246. Plaintiffs incorporate by reference paragraphs 1 through 245 of this Complaint as though the same were set forth fully herein.

247. Upon determining that the intruder sought by the police was no longer present in plaintiff Kristy Cruz' residence, exigent circumstances for the presence of the defendant police officers in the plaintiff's residence no longer existed.

248. At the time that they entered plaintiff Kristy Cruz' residence and at the time they determined that the intruder sought by the police was no longer present in the plaintiff's residence, defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll,

Raymundo Fermin and "John Doe" #1 - 10 lacked a search warrant or other legal process authorizing a search of the plaintiff's residence.

249. Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to search plaintiff Kristy Cruz' residence despite the fact that they lacked a search warrant authorizing such a search.

250. The search of plaintiff Kristy Cruz' residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 after they determined that the intruder was no longer present in the apartment deprived plaintiff Kristy Cruz of her right to be secure against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

251. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they searched plaintiff Kristy Cruz' residence after determining that the intruder was no longer present in the apartment.

252. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Kristy Cruz of her right to be secure against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching the plaintiff's residence after determining that the exigent circumstances which justified their entry into the apartment no longer existed.

## COUNT THIRTY-ONE ON BEHALF OF PLAINTIFF KRISTY CRUZ
## UNREASONABLE SEIZURE OF THE PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983

253. Plaintiffs incorporate by reference paragraphs 1 through 252 of this Complaint as

though the same were set forth fully herein.

254. Upon information and belief, defendant Thomas Traynor, defendant Michael Licitra and/or defendant Steve Nusser directed other police officers to deny plaintiff Kristy Cruz access to her residence.

255. The denial of access to the plaintiff's residence by defendants Nicholas Isolano and "John Doe" #1 - 10 for a period in excess of twelve hours constituted a seizure of the plaintiff's residence.

256. The seizure of plaintiff Kristy Cruz' residence by defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived the plaintiff of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

257. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" # 1 - 10 were acting under color of state law when they seized plaintiff Kristy Cruz' home.

258. Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 deprived plaintiff Kristy Cruz of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Kristy Cruz' home.

**COUNT THIRTY-TWO ON BEHALF OF PLAINTIFF KRISTY CRUZ**
**UNREASONABLE SECOND SEARCH OF THE PLAINTIFF'S RESIDENCE**

259. Plaintiffs incorporate by reference paragraphs 1 through 258 of this Complaint as though the same were set forth fully herein.

260.   The conduct of defendant Nicholas Isolano in obtaining and executing a search warrant for plaintiff Kristy Cruz' residence on the basis of false representations to a judge of the Criminal Court of the City of New York, County of New York, deprived the plaintiff of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

261.   Defendant Nicholas Isolano was acting under color of state law when he applied for and obtained a search warrant for plaintiff Kristy Cruz' residence upon the basis of false representations to a judge of the Criminal Court of the City of New York, County of New York.

262.   Defendant Nicholas Isolano was acting under color of state law when he conducted a search of plaintiff Kristy Cruz' residence upon the basis of a search warrant secured by his misrepresentations to the court which issued the search warrant.

263.   Defendant Nicholas Isolano deprived plaintiff Kristy Cruz of her right to be secure in her home against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by applying for and searching the plaintiff's residence pursuant to a search warrant secured by his misrepresentations to the court which issued the search warrant.

### COUNT THIRTY-THREE ON BEHALF OF PLAINTIFF KRISTY CRUZ
### MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. §1983

264.   Plaintiffs incorporate by reference paragraphs 1 through 263 of this Complaint as though the same were set forth fully herein.

265.   The arrest and imprisonment of plaintiff Kristy Cruz on January 24, 2015 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and

discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

266.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

267.  Defendant The City of New York deprived plaintiff Kristy Cruz of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT THIRTY-FOUR ON BEHALF OF PLAINTIFF KRISTY CRUZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

268.  Plaintiffs incorporate by reference paragraphs 1 through 267 of this Complaint as though the same were set forth fully herein.

269.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

270.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Kristy Cruz would be violated.

271.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard

for the civil rights of individuals, and more particularly, the civil rights of plaintiff Kristy Cruz.

272.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

273.   Defendant The City of New York deprived plaintiff Kristy Cruz of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT THIRTY-FIVE ON BEHALF OF PLAINTIFF KRISTY CRUZ
## COMMON LAW FALSE IMPRISONMENT

274.   Plaintiffs incorporate by reference paragraphs 1 through 273 of this Complaint as though the same were set forth fully herein.

275.   Defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, "John Doe" # 1 - 10 and The City of New York falsely imprisoned plaintiff Kristy Cruz by seizing, detaining, arresting and imprisoning her.

276.   As a result of the foregoing, plaintiff Kristy Cruz was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT THIRTY-SIX ON BEHALF OF PLAINTIFF KRISTY CRUZ
## COMMON LAW TRESPASS

277.   Plaintiffs incorporates by reference paragraphs 1 through 276 of this Complaint as though the same were set forth fully herein.

278.   The continued presence of defendants Nicholas Isolano, Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin and "John Doe" #1 - 10 in plaintiff Kristy Cruz' residence after determining that the intruder was no longer present was without the permission of plaintiff Kristy Cruz or any other resident of the premises.

279.   Defendants Nicholas Isolano Thomas Traynor, Michael Licitra, Steve Nusser, Sean Carroll, Raymundo Fermin, "John Doe" #1 - 10 and the City of New York committed a trespass when they remained in the residence of plaintiff Kristy Cruz after determining that the intruder was no longer present.

## COUNT THIRTY-SEVEN ON BEHALF OF PLAINTIFF KRISTY CRUZ
## COMMON LAW TRESPASS

280.   Plaintiffs incorporate by reference paragraphs 1 through 279 of this Complaint as though the same were set forth fully herein.

281.   Defendant Nicholas Isolano and other New York City police officers committed a trespass by entering plaintiff Kristy Cruz' residence to execute an invalidly obtained search warrant without the permission of plaintiff Kristy Cruz or any other resident of the premises.

282.   As a result of the foregoing, plaintiff Kristy Cruz was deprived of access to her residence.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A.   Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B.   Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C.   Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs

of experts, incurred in prosecuting this action; and

     D.  Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

     The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
       September 11, 2017

                               MICHELSTEIN & ASSOCIATES, PLLC

                               By: _____/s_____
                                   Richard A. Ashman (RA5389)
                                   Attorneys for Plaintiff
                                   485 Madison Avenue, Suite 1600
                                   New York, New York 10022
                                   malaw485@yahoo.com
                                   (212) 588-0880